UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>GARY GORSKI,<br><br>        Debtor,<br><br>COUNTY OF SACRAMENTO,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY GORSKI; ROBERT HUNTER; HOWARD ELEY; DOUGLAS WHATLEY, trustee in bankruptcy for GARY GORSKI; UNITED SATES OF AMERICA through the Internal Revenue Service; COUNTY OF YOLO; DANIEL KARALASH; STATE OF CALIFORNIA, FRANCISE TAX BOARD,<br><br>        Defendants. | No. 2:15-CV-271-GEB-AC<br><br>Bank. Action No. 2013-33139<br><br>Adversary Proc. No. 2014-02016<br><br>**ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE** |

        The County of Sacramento moves under 28 U.S.C. § 157(d) for permissive withdrawal from the bankruptcy court of the above referenced adversary proceeding. (Mot. Withdraw Ref. Bankr. Ct. Adversary Proceedings, ("Mot.") 3:14-16, ECF No. 1.)

1

Sacramento County argues its motion should be granted because of the relationship between assets involved in attorney Gorski's above referenced bankruptcy proceeding and a prior attorney's fee award under 42 U.S.C. § 1988 granted to two plaintiffs in the above referenced district court civil action, captioned as Hunter v. Cnty. of Sacramento, No. 2:06-cv-457-GEB (E.D. Cal. 2013) (hereinafter the "Hunter"). Sacramento County asserts that Gorski, along with co-counsel, represented the plaintiffs in Hunter. The Hunter plaintiffs were awarded $197,505.00 in attorney's fees, which Gorski claimed as property of his estate in the bankruptcy proceedings.

> Sacramento County states:
> At a recent [bankruptcy] pre-trial conference, the parties debated the effect of the [Hunter] judgment and the section 1988 case law on which parties are entitled to the [attorney's fee] award. One of the issues raised was that the fee award did not allocate the award between the successful plaintiffs . . . [The bankruptcy judge] opined that [the district judge who ruled on the attorney's fee motion] would be better suited to address the allocation issue and suggested that the parties move to withdraw the referral as it relates to the adversary proceeding, so that the District Court, and ideally [that judge who ruled on the attorney's fee motion], could address the allocation.

(Mot. 2:12-20.)

Sacramento County argues "[a]s, per [the bankruptcy court's] observations, [that] the interpretation of [the district court's attorney's fee] order would be better done by [the judge who issued the order], it appears. . . judicial economy . . . and . . . economical use of the parties' resources . . . favor [permissive] withdrawal." (Mot. 3:8-12.)

2

"The district court may withdraw . . . any case or proceeding referred [to the bankruptcy court] on its motion or on timely motion of a party, for cause shown." Sec. Farms v. Int'l Broth. Of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997) (alterations in original) (quoting 28 U.S.C. § 157(d)). Good cause includes "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Id. (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).

Cause has been shown to withdraw the reference only for the limited purpose of deciding how the attorney's fees awarded in Hunter should be allocated amongst the plaintiffs. The Hunter jury awarded each plaintiff nominal damages, but found that Sacramento County had "a longstanding 'practice or custom'" of using excessive force against inmates that were incarcerated in Sacramento Mail Jail. (Jury Instruction No. 9, p. 10, ECF No. 183.) In light of this finding, each plaintiff is awarded $98,752.50, half of the $197,505.00 award, since the record does not evince that a different division is appropriate.

Since the reference concerning other issues has not been withdrawn, this civil action shall be closed.

Dated: March 12, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

3